*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* T. V. MCMILLAN, Minor.

UNPUBLISHED
April 11, 2025
9:17 AM

No. 372887
Oakland Circuit Court
Family Division
LC No. 2024-887312-NA

Before: GARRETT, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

The minor child, TVM, witnessed physical abuse that his maternal grandmother perpetrated on two of his cousins. Petitioner, the Department of Health and Human Services (DHHS), petitioned for temporary custody of TVM on the basis that respondent, TVM's mother, failed to protect TVM's cousins from the abuse. Respondent appeals by right the trial court's initial order of disposition following TVM's removal from her care. Because the trial court did not plainly err by failing to hold a removal hearing, the court did not relieve the DHHS of its obligation to make reasonable efforts to reunify respondent and TVM, and respondent has failed to establish plain error with respect to the burden of proof and standard of proof applicable to reasonable efforts, we affirm.

## I. FACTUAL BACKGROUND

Respondent, TVM, TVM's maternal grandmother, and four of TVM's cousins[1] lived together. Respondent is the legal guardian of TVM's cousins. After two of TVM's cousins appeared at school with injuries, school officials notified law enforcement and Children's Protective Services (CPS). Shortly thereafter, the trial court entered an ex parte interim placement order authorizing the DHHS to take TVM into protective custody pending a preliminary hearing. The following day, the DHHS filed a petition for temporary custody of TVM. The petition stated

---

[1] Although this appeal is limited to the petition regarding TVM, we will discuss TVM's cousins to the extent that they are relevant to the issues on appeal.

that TVM was either a member of or eligible for membership in the Sisseton-Wahpeton Oyate of the Lake Traverse Reservation (SWO). The DHHS requested that the trial court authorize the petition, formally remove TVM from respondent's care, and place him with the DHHS for care and planning. The DHHS made clear from the outset of the proceedings that it intended to place TVM with his nonrespondent father.

The trial court referee held a preliminary hearing on the same day that the DHHS filed the petition. At the hearing, the parties addressed the petition involving TVM and a petition involving TVM's cousins, who are members of the SWO. Because it was believed that TVM might also have tribal affiliations, the referee adjourned the preliminary hearing to allow the DHHS to send notices to the concerned tribes. The referee adjourned the hearing four additional times before he ultimately determined that TVM is not an Indian child for purposes of the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq*. After the referee made that determination, he completed TVM's preliminary hearing and recommended that the trial court authorize the petition. The trial court adopted the referee's determination that TVM is not an Indian child and authorized the petition. Thereafter, the court formally released TVM into the care of his nonrespondent father.

Notably, throughout the preliminary proceedings, the parties and the referee were uncertain regarding TVM's tribal membership. TVM's father is a member of the Little Traverse Bay Bands of Odawa Indians (LTBB), but he advised the referee that TVM is not a member of that tribe because TVM does not meet the blood quantum to become a member. In addition, respondent was, at different times, believed to be a member of the SWO or the Lac Courte Oreilles Band of the Lake Superior Chippewa Indians (LCO). Because TVM's status as an Indian child was unclear, the referee repeatedly found that there existed good cause to adjourn the proceeding to determine that status.

After the trial court authorized the petition, respondent waived her right to a trial regarding jurisdiction and entered a no-contest plea. The trial court determined that statutory grounds existed for the court to exercise jurisdiction over TVM. Thereafter, the court entered an initial order of disposition, and this appeal followed.

## II. DISCUSSION

### A. FAILURE TO CONDUCT REMOVAL HEARING

Respondent argues that the referee clearly erred by failing to timely conduct a removal hearing in accordance with MCR 3.965 and MCR 3.967 because the referee had reason to know that TVM was an Indian child for purposes of the ICWA. She asserts that she was entitled to a removal hearing within 14 days after TVM was removed from her care in accordance with MCR 3.967(A).

To preserve an issue for appellate review, a party must raise it in the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Because respondent failed to raise any argument regarding the timeliness of the removal hearing below, she failed to preserve her argument for our review. We review unpreserved claims of error in child protective proceedings for plain error. *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have

occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (quotation marks and citations omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Sanborn*, 337 Mich App 252, 258; 976 NW2d 44 (2021) (quotation marks and citation omitted).

"In Michigan, procedures to ensure due process to a parent facing removal of his child from the home or termination of his parental rights are set forth by statute, court rule, [DHHS] policies and procedures, and various federal laws . . . ." *In re Rood*, 483 Mich 73, 93; 763 NW2d 587 (2009). "The juvenile code, MCL 712A.1 *et seq*., establishes procedures by which the state can exercise its *parens patriae* authority over minors. These procedures are reflected in Subchapter 3.900 of the Michigan Court Rules." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

MCR 3.963(B)(4) authorizes a referee, in certain circumstances, to issue an ex parte interim order authorizing the DHHS to take a child into protective custody and place the child pending a preliminary hearing. See also MCL 712A.14b(1) (providing the same authority to a judge or referee). MCR 3.965(B)(2) sets forth certain requirements with which the trial court must comply at the preliminary hearing. That provision states, in relevant part:

> The court must inquire if the child or either parent is a member of an Indian tribe. If the court knows or has reason to know the child is an Indian child, the court must determine the identity of the child's tribe and, if . . . the petition requests removal of the child, follow the procedures set forth in MCR 3.967. If necessary, the court may adjourn the preliminary hearing pending the conclusion of the removal hearing.

In addition, MCR 3.965(B)(11) states, "If the court knows or has reason to know the child is an Indian, the court may adjourn the hearing for up to 21 days to ensure proper notice to the tribe or Secretary of the Interior as required by MCR 3.920(C)(1)." If the trial court adjourns the preliminary hearing, it "may make temporary orders for the placement of the child when necessary to assure the immediate safety of the child, pending the completion of the preliminary hearing . . . ." MCR 3.965(B)(11). MCR 3.967(A) provides that the trial court must complete a removal hearing within 14 days after an Indian child is taken into protective custody unless, in relevant part, "the court adjourns the hearing pursuant to MCR 3.923(G)."[2]

---

[2] MCR 3.923(G) provides:

> Adjournments of trials or hearings in child protective proceedings should be granted only
>
> > (1) for good cause,
> >
> > (2) after taking into consideration the best interests of the child, and
> >
> > (3) for as short a period of time as necessary.

In this case, the DHHS took TVM into protective custody on March 14, 2024, pursuant to an ex parte interim placement order. In accordance with MCR 3.965(A)(1), the preliminary hearing commenced the following day. When the referee commenced the hearing, he had reason to believe that TVM may be a member of or eligible for membership in two tribes—the SWO, through respondent's purported membership in that tribe, and the LTBB, through TVM's father's membership in that tribe. Although the record is unclear regarding exactly how or when, at some point the referee became aware that respondent may be a member of the LCO rather than the SWO. The DHHS sent notices of the proceedings to each of the three tribes and the Bureau of Indian Affairs, but it had to send some of the notices multiple times due to its failure to include the proper or correct information on the notices. In total, the referee adjourned the preliminary hearing five times between March 15, 2024 and June 7, 2024. Each time, the referee determined that good cause existed to adjourn the hearing so that proper tribal notification could occur. On July 23, 2024, the referee concluded that TVM is not an Indian child for purposes of the ICWA. The referee's determination was based in part on the fact that the LCO failed to respond to the DHHS's notice, and the time period to do so had expired. The trial court adopted the referee's finding in an order entered the following day.

On appeal, respondent does not challenge the determination that TVM is not an Indian child for purposes of the ICWA. Instead, she argues that the referee erred by failing to conduct a removal hearing within 14 days after TVM's removal from her care as MCR 3.967(A) requires when "an Indian child is taken into protective custody."

We conclude that respondent has failed to establish plain error. Because the referee determined that TVM is not an Indian child, and the trial court adopted the referee's determination, respondent was not entitled to a removal hearing. Notably, respondent does not challenge the determination that TVM is not an Indian child. Respondent contends that a timely removal hearing was nonetheless required because the court rule does not require that confirmation of tribal affiliation from a tribe is a prerequisite to holding a removal hearing. However, MCL 712B.17 and MCR 3.967(D) require that a qualified expert witness from, or with sufficient knowledge of, the child's tribe testify at the removal hearing. Without knowledge of the child's tribal affiliation, the DHHS could not have obtained such an expert. Accordingly, determining TVM's tribal affiliation was necessary before the referee could have held a removal hearing, and the referee appropriately recognized that good cause existed to adjourn the proceeding. Respondent has therefore failed to demonstrate that plain error occurred.

## B. REASONABLE EFFORTS

Respondent next argues that the trial court erred by relieving the DHHS of its obligation to make reasonable efforts to reunify respondent and TVM after respondent entered her no-contest plea. Because respondent failed to raise her argument in the trial court, our review is limited to plain error that affected her substantial rights. *Pederson*, 331 Mich App at 463.

"Reasonable efforts to reunify the child and family must be made in all cases except those involving aggravated circumstances under MCL 712A.19a(2)." *In re Rippy*, 330 Mich App 350, 355; 948 NW2d 131 (2019). The DHHS's reasonable efforts must include the creation of "a service plan outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification." *In re Hicks/Brown*, 500 Mich 79, 85-86; 893

NW2d 637 (2017). While the DHHS has a duty "to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

The record fails to support respondent's claim that the trial court relieved the DHHS of its duty to make reasonable efforts to reunify respondent and TVM following adjudication. The trial court's orders entered before respondent's no-contest plea repeatedly stated that reasonable efforts shall be made to reunify the family. Although the order of adjudication failed to mention reasonable efforts, the order stated that "[p]rior orders remain in effect except as modified by this order." In addition, the referee adjourned the August 29, 2024 hearing so that the DHHS could prepare an updated and accurate parent agency treatment plan (PATP). At the September 16, 2024 hearing, the referee adopted the new PATP as reflected in the order following that hearing. The updated PATP required respondent to, among other requirements, complete a parenting-education course, participate in mental-health services, and learn communication skills to effectively co-parent with TVM's father. Accordingly, the record shows that the trial court did not relieve the DHHS of its obligation to make reasonable efforts to reunify respondent and TVM following adjudication.

C.  STANDARD OF PROOF AND BURDEN OF PROOF REGARDING REASONABLE EFFORTS

Finally, respondent argues that neither MCR 3.965(C)(4) nor MCL 712A.19a(2) assigns a burden of proof or a standard of proof for determining whether reasonable efforts were made. Because respondent failed to raise this argument in the trial court, our review is limited to plain error that affected her substantial rights. *Pederson*, 331 Mich App at 463.

Respondent has failed to demonstrate that plain error occurred. Although she contends that the court rule and the statute fail to set forth the burden of proof and standard of proof, she does not argue that the trial court erred by applying the wrong burden of proof or standard of proof. Rather, she asserts that courts apply the default preponderance-of-the-evidence standard of proof when a court rule or statute is silent in that regard and asks this Court to adopt that standard and remand this case to the trial court to apply the proper standard. Because she does not assert that the trial court applied the wrong standard, however, she has failed to demonstrate that any error occurred, much less plain error that affected her substantial rights. As such, she is not entitled to relief.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle